**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7794**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEPHON JUNIOR MCCAIN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:06-cr-00203-TDS-1)

Submitted: April 14, 2020                                      Decided: April 17, 2020

Before WILKINSON, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina; Henry O. Hilston, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephon Junior McCain appeals the district court's order denying his motion for a sentence reduction pursuant to the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. McCain was convicted in 2006 of possession with intent to distribute approximately 65 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (2006), and sentenced as a career offender to 288 months' imprisonment, followed by a 10-year term of supervised release.

We review a district court's ruling on a motion for sentence reduction for abuse of discretion. *See United States v. Jackson*, __ F.3d __, __, No. 19-6288, 2020 WL 1140939, at *2 (4th Cir. Mar. 10, 2020) (observing that "the decision whether to grant a reduction is entrusted to the district court's discretion"); *United States v. Wirsing*, 943 F.3d 175, 180 (4th Cir. 2019) ("Congress left the decision as to whether to grant a sentence reduction to the district court's discretion."). Section 3582(c)(1)(B)—"the appropriate vehicle for a First Step Act motion," *Wirsing*, 943 F.3d at 183—permits modification of a previously imposed sentence "to the extent . . . expressly permitted by statute," 18 U.S.C. § 3582(c)(1)(B) (2018). The First Step Act authorizes, but does not require, a district court to impose a reduced sentence for defendants convicted of covered offenses as if certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372, were in effect at the time the covered offense was committed. First Step Act, § 404(b), (c), 132 Stat. at 5222.

The district court observed that McCain's conviction qualified as a covered offense and reduced McCain's supervised release term to eight years. However, the court declined

2

to exercise its discretion to reduce McCain's custodial sentence, noting that it had considered the sentencing factors under 18 U.S.C. § 3553(a) (2018), McCain's lack of a disciplinary record in prison, the parties' arguments, and McCain's extensive criminal history. Because the court did not abuse its discretion in declining to reduce the term of imprisonment, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*